UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAD NORMAN,<br><br>    Plaintiff,<br><br> v.<br><br>TRAVELERS INDEMNITY COMPANY,<br><br>    Defendant. | CASE NO. 20-CV-01250-LK<br><br>ORDER DENYING JOINT MOTION FOR JURY TRIAL |

This matter comes before the Court on the parties' Joint Motion for Jury Trial. Dkt. No. 20. The Court DENIES the motion for the reasons discussed below.

**INTRODUCTION**

In July 2020, Plaintiff Brad Norman sued Defendant Travelers Indemnity Company ("Travelers") in King County Superior Court for breach of contract, bad faith, and other violations of Washington state law. *See* Dkt. No. 1-1 at 5–10. Norman's claims arise out of Travelers' alleged refusal to pay out on his underinsured motorist policy. Dkt. No. 1-1 at 3. Travelers timely removed the case to federal district court in August 2020, asserting diversity of citizenship. Dkt. No. 1 at 1, 3. *See* 18 U.S.C. §§ 1332(a)(1), 1441(a), 1446(a)–(b).

Neither party demanded a jury trial. *See* Dkt. No. 8 at 6 ("At this time, the case is set to be tried without a jury[.]"); *id.* at 7 ("Neither party filed a demand for a jury."). It was not until October 2021, over a year after removal and Travelers' answer, that the parties first indicated a desire for a jury trial. *See* Dkt. No. 11 at 1 (motion purporting to stipulate to a new "jury trial date"); Dkt. No. 13 (formal demand for jury trial). Meanwhile, and before the Court ruled on their jury demand, the parties stipulated to a dismissal of all claims with prejudice, except for Norman's breach of contract claim. Dkt. No. 14 at 3; Dkt. No. 15. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court then denied the parties' belated jury demand in a Minute Order, finding it untimely and therefore waived under Federal Rule of Civil Procedure 38(d). Dkt. No. 18 at 2.

## DISCUSSION

The parties now ask the Court to relieve their jury waiver pursuant to Federal Rule of Civil Procedure 39(b).[1] Dkt. No. 20 at 1–2. They premise this request on a change in strategy. As the parties explain, "a jury demand was not [made] until the parties dismissed claims relating to alleged bad faith, an issue both parties thought would be better suited to a bench trial." *Id.* at 2.

As Local Civil Rule 101(e) directs, Federal Rule of Civil Procedure 81(c)(3) provides the controlling mechanism for asserting a jury trial demand in the removal context. Where, as here, a case does not fall within any of the exceptions described by Rule 81(c)(3), the standard Rule 38 jury demand procedure applies. Fed. R. Civ. P. 81(c)(3)(B). And under Rule 38, a plaintiff must serve a written demand on the other parties no later than 14 days after the last pleading directed to

---

[1] The parties' request is arguably a motion for reconsideration. That they cite to and couch their arguments in Rule 39(b) does not alter the relief they seek—relief the Court already denied: a jury trial. Motions for reconsideration are disfavored and the Court will ordinarily deny them unless the moving party shows "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). The parties do not meet this standard. Moreover, a motion for reconsideration "shall be filed within fourteen days of the order to which it relates is filed." LCR 7(h)(2). The Court issued its Minute Order finding the parties' jury right waived 56 days before they filed their motion. Dkt. No. 18.

ORDER DENYING JOINT MOTION FOR JURY TRIAL - 2

the issue is served. *See* Fed. R. Civ. P. 38(b). The parties concede that this requirement was not met. Dkt. 20 at 2. However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996).

The Ninth Circuit has "strictly applied Civil Rules 38 and 39," *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1285 (9th Cir. 1982), and repeatedly emphasized that the district court's discretion under Rule 39(b) is "narrow and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.'" *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (quoting *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002–03 (9th Cir. 2001)). The Court will therefore deny an untimely jury trial request "unless some cause beyond mere inadvertence is shown." *Pac. Fisheries*, 239 F.3d at 1002. *See also Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir. 1976) (per curiam) (a party's oversight leaves the district court with "virtually no discretion to exercise").

The parties contend that this case is not one of oversight or inadvertence; rather, they made a "reasoned decision" premised on the belief that the bad faith issues were better suited for a bench trial. Dkt. No. 20 at 3; *see also* Dkt. No. 20-2 at 2; Dkt. 20-3 at 2. But the parties' contention that their belated jury demand arose out of the dismissal of Norman's bad faith claims is belied by the fact that the original jury demand predates—by 15 days—their stipulated motion dismissing those claims. *See* Dkt. Nos. 13–14.[2] And even if these changed circumstances were the reason for the parties' demand, they make no attempt to explain why they waited 56 days from when the Court dismissed the claims and denied the original demand (Dkt. Nos. 15, 18) to file their new demand. Moreover, the remaining issue the parties now wish to try by jury—"the valuation of a personal

---

[2] The parties' joint proposed scheduling order, which included a jury trial, also predated their stipulated motion by 18 days. Dkt. 11.

ORDER DENYING JOINT MOTION FOR JURY TRIAL - 3

injury claim"—has been in play since Norman filed his complaint. Dkt. No. 20 at 2; *see* Dkt. No. 20-2 at 2. Thus, even if the parties' stipulated motion to dismiss various claims operated like an amended complaint for purposes of Rule 38, it would not provide them a second bite at the apple. *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005) (amending a complaint does not revive the plaintiff's right to demand a trial as to any issues that were already raised in the original complaint). Indeed, the parties were free from the get-go to limit their jury demand to the personal injury valuation issue. *See* Fed. R. Civ. P. 38(c) ("In its demand, a party may specify the issues that it wishes to have tried by a jury."); Wash. Super. Ct. Civ. R. 38(c) ("A party may specify the issues which the party wishes so tried in a demand."). *See also Lutz*, 403 F.3d at 1065 ("A party seeking a jury trial thus has a choice: either list specific issues for the jury to consider, or make a general demand[.]").

For all these reasons, the Court concludes that the parties' tardiness boils down to oversight or inadvertence.

## CONCLUSION

The Court accordingly denies the parties' Joint Motion for Jury Trial. Dkt. No. 20.

Dated this 22nd day of February, 2022.

Lauren King
United States District Judge

ORDER DENYING JOINT MOTION FOR JURY TRIAL - 4