UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAD NORMAN,<br><br>                Plaintiff,<br><br>   v.<br><br>TRAVELERS INDEMNITY COMPANY,<br><br>                Defendant. | CASE NO. 20-CV-01250-LK<br><br>ORDER REGARDING MOTIONS IN LIMINE |

This matter comes before the Court on the parties' motions in limine. Dkt. Nos. 25, 27, 28. Having reviewed the record and the applicable law, the Court issues the following rulings.

## I.    INTRODUCTION

Plaintiff Brad Norman seeks to recover underinsured motorist benefits under a policy issued by Defendant Travelers Indemnity Company. *See* Dkt. No. 1-1 at 3. In February 2017, Mr. Norman suffered injuries when his vehicle was struck by an underinsured driver on Highway 101 near Port Angeles. *Id.* He subsequently demanded that Travelers "pay its full applicable UIM policy limit of $1,000,000." *Id.* When Travelers offered to settle the claim for $0, Mr. Norman sued for breach of contract and insurance bad faith. *Id.* at 4, 6, 7–8. He also alleged violations of

Washington's insurance regulations, Wash. Admin. Code §§ 284-30-330, 284-30-360, 284-30-370; Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86; and Washington's Insurance Fair Conduct Act ("IFCA"), *id.* §§ 48.30.010, .015. Dkt. No. 1-1 at 6–10. The parties partially settled the case and dismissed Mr. Norman's suit with one exception: his breach of contract claim. Dkt. No. 14 at 1, 3; Dkt. No. 15. They will now try this remaining claim before the Court, which must determine "the nature, extent, and causation of Plaintiff's injuries, and the damages (or underinsured motorist benefits) payable pursuant to the terms and conditions, and subject to the limits of the insurance policy, on account of those injuries, sustained in the motor vehicle accident[.]" Dkt. No. 27 at 2; *see also* Dkt. No. 32 at 3 (the Court must "determine the value of the Plaintiff's claim").

## II.   DISCUSSION

The Court begins by setting forth a few guideposts. It then addresses the points on which the parties agree before resolving the disputed evidentiary issues.

### A.   Legal Standard

Parties may move "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The Court enjoys "wide discretion in determining the admissibility of evidence," *United States v. Abel*, 469 U.S. 45, 54 (1984), and it may amend, renew, or reconsider its rulings in limine in response to developments at trial, *Luce*, 469 U.S. at 41–42.

The Court is generally guided by Federal Rules of Evidence 401 and 403. *See Houserman v. Comtech Telecomms. Corp.*, 519 F. Supp. 3d 863, 867 (W.D. Wash. 2021). The Court must first consider whether the evidence at issue "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. If so, the evidence is relevant and therefore generally admissible. *See*

Fed. R. Evid. 402. But there are many exceptions to this general rule. The Court may, for example, exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Relevance and prejudice "are determined in the context of the facts and arguments in a particular case[.]" *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). And finally, "[e]vidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds"; a court may instead "reserve judgment until trial, so that the motion is placed in the appropriate factual context." *Turner v. Univ. of Wash.*, No. C05-1576-RSL, 2007 WL 2984682, at *1 (W.D. Wash. Oct. 10, 2007) (internal quotation marks and citation omitted).

**B.     Uncontested Motions in Limine**

The parties have submitted eight agreed motions in limine. Dkt. No. 25 at 1–2; Dkt. No. 27 at 4–7. They propose the following evidentiary limitations:

1. Counsel shall refer to the defense's medical examination as a "CR35 examination." Dkt. No. 25 at 1.

2. Counsel shall not elicit testimony from any witness about the veracity of other witnesses. Dkt. No. 27 at 4.

3. Counsel shall not refer to why any witness was not or could not be called to testify at trial or why particular testimony was not presented. *Id.*

4. Counsel shall not mention settlement offers, demands, negotiations, or discussions. *Id.*; Dkt. No. 25 at 1.

5. No exhibit shall be displayed unless the exhibit has been admitted into evidence or the Court has given permission for the use of the exhibit prior to its display. Dkt. No. 27 at 5. All parties will have an opportunity to examine exhibits and assess

ORDER REGARDING MOTIONS IN LIMINE - 3

1 | their admissibility before the exhibits are displayed. *Id.*[1]

2 | 6. Counsel shall not introduce Mr. Norman's medical records or medical bills, or Dr. Martha Glisky's reports. Dkt. No. 27 at 5–7.

7. Counsel shall not introduce the insurance policy at issue. *Id.* at 6–7.

8. Counsel will notify each other at least 24 hours in advance of witnesses who will be testifying the next day. *Id.* at 7.

Pursuant to the parties' agreement, the Court grants their uncontested motions in limine.

**C.    Mr. Norman's Contested Motions in Limine**

Mr. Norman seeks to preclude three items of evidence. He first urges the Court to preclude "mention or colloquy of injury or any lack of injury to others in the collision" under Federal Rules of Evidence 401 and 403. Dkt. No. 25 at 1. Second, Mr. Norman contends that "[t]here should be no mention of prior injuries to [him] and/or subsequent injuries to [him] and/or medical records concerning the same unless defendant can connect such injuries to the injuries suffered by [him] in the February 3, 2017 crash by a reasonable probability." *Id.* at 2. He again seeks to preclude such evidence pursuant to Rules 401 and 403. *Id.* Last, Mr. Norman asks the Court to exclude the testimony of Travelers' expert, Brad Probst. *Id.*; *see also* Dkt. No. 28 (separate motion to exclude Probst's testimony). The Court addresses these in turn.

1. <u>Injury to Others in February 2017 Accident</u>

This motion in limine is denied. Mr. Norman fails to support his evidentiary request with legal analysis or argument. Instead, he relies on a single-sentence, conclusory assertion that the evidence should not be mentioned at trial, followed by an unadorned citation to Rules 401 and

---

[1] Parties are required to submit a pretrial order in which they "[i]dentify each exhibit with a number" and, "in table format," include for each exhibit a description, indicate the status of authenticity (stipulated or disputed), indicate the status of admissibility (stipulated or disputed), and, if applicable, indicate the legal basis for objection (e.g., Rule 402). *See* LCR 16.1. Here, the parties' joint pretrial order includes a table that fails to fully comply with these instructions. Dkt. No. 32 at 6–7. The parties must submit a compliant pretrial order no later than October 27, 2022.

ORDER REGARDING MOTIONS IN LIMINE - 4

403. *See* Dkt. No. 25 at 1.

The Court finds that this evidence is relevant to determining the extent of Mr. Norman's injuries. As Travelers notes, Mr. Norman's own recollection about the injuries to his passenger, Eric Weikel, speaks to what Mr. Norman can remember from the period immediately following the accident: "did he lose consciousness, did he have the wherewithal to converse with Mr. Weikel, etc." Dkt. No. 33 at 2. In addition, Mr. Weikel's injuries are relevant to the extent "they would have impacted his ability to observe [Mr. Norman] and to converse with him after the accident." *Id.* The Court agrees with Travelers that such evidence is relevant to the weight to be accorded to Mr. Weikel's testimony about Mr. Norman's injuries, condition, and behavior immediately following the accident. It further finds that the probative value of this information is not substantially outweighed by a risk of unfair prejudice or confusing the issues. Fed. R. Evid. 403.

    2.    <u>Mr. Norman's Prior and Subsequent Injuries</u>

Here, too, Mr. Norman fails to advance any analysis or argument in support of his evidentiary request. *See* Dkt. No. 25 at 2. He cites no legal authority—beyond Rules 401 and 403—for the proposition that evidence of his prior and subsequent injuries should be excluded unless Travelers "can connect" those injuries to the injuries suffered in the February 2017 crash "by a reasonable probability." *Id.* Nor has the Court found any such authority.

It is axiomatic that pre-existing injuries can contribute to subsequent injuries, just as subsequent injuries can aggravate pre-existing ones. Mr. Norman was involved in at least three previous automobile accidents that could be responsible for some, all, or none of the injuries he now attributes to the February 2017 accident. *See* Dkt. No. 33 at 2–3. Also relevant is Mr. Norman's August 2017 head injury, which occurred when he was struck by a 20-pound metal "post hole digger" dropped from approximately 8 feet above him. *Id.* at 3. This injury could have contributed to the cognitive deficits Mr. Norman seeks compensation for under the policy. *See id.*

(Mr. Norman's expert, Dr. Glisky, did not perform any testing until after the August 2017 accident and "could not state how much the second incident may have contributed to the claimed injuries[.]")

Evidence of Mr. Norman's other injuries is therefore relevant to the Court's inquiry: whether or to what degree the February 2017 collision is responsible for the claimed injuries. *See Maurice v. Allstate Ins. Co.*, No. 2:19-CV-1837-JCC-DWC, 2020 WL 4339256, at *2 (W.D. Wash. July 28, 2020) (plaintiff's medical history was relevant "since information from this period may shed light on whether all [her] injuries were caused by her 2013 accident"); *Melendez v. Gulf Vessel Mgmt.*, No. C09-1100-MJP, 2010 WL 2650572, at *1 (W.D. Wash. July 1, 2010) (medical records for past decade were relevant because plaintiff "put his physical condition, mental health, and earning capacity at issue," and "[p]re-existing medical conditions c[ould] impact" his claims); *Pallaske v. Island Cnty.*, No. 06-1735-RSL-JPD, 2007 WL 3306738, at *1 (W.D. Wash. Nov. 5, 2007) ("Information regarding whether plaintiff's alleged injuries were caused by a pre-existing eye injury is relevant to this case."). The Court further finds that the probative value of other-injury evidence is not substantially outweighed by a risk of prejudice or confusing the issues. Fed. R. Evid. 403. This motion in limine is denied.

3.  Brad Probst Testimony

Travelers has agreed to withdraw Mr. Probst as an expert and no longer intends to present his testimony. Dkt. No. 33 at 2. The Court therefore denies Mr. Norman's motion to exclude as moot. Dkt. No. 25 at 2; Dkt. No. 28.[2]

---

[2] The Court notes that this motion was untimely. *See* November 4, 2021 Docket Entry (setting July 8, 2022 as deadline for dispositive motions and challenges to expert testimony); LCR 16(b)(4) ("[P]arties shall file any motion to exclude expert testimony for failure to satisfy Daubert v. Merrell Dow Pharmaceuticals, Inc. and its progeny not later than the deadline to file dispositive motions."). Mr. Norman offers no explanation for missing the deadline.

ORDER REGARDING MOTIONS IN LIMINE - 6

**D.      Travelers' Contested Motion in Limine**

Travelers' sole motion in limine seeks to exclude several of Mr. Norman's lay witnesses as cumulative. Dkt. No. 27 at 7–8. Mr. Norman has identified eight such witnesses—including six family members—"all of whom are expected to testify regarding the effects the subject accident has had on Plaintiff." *Id.* at 7; *see* Dkt. No. 32 at 4–6. Although Travelers takes no issue with Mr. Weikel's testimony, it argues that Mr. Norman "should not be allowed to call all of these witnesses in an attempt to sway the Court with quantity of testimony" and complains that each witness has "the same type of information[.]" Dkt. No. 27 at 8 (citing Fed. R. Evid. 403). Travelers specifically asks the Court to limit Mr. Norman's lay witnesses to two family members and one employee. *Id.*

Mr. Norman counters that each witness "has a unique perspective and unique testimony to provide[.]" Dkt. No. 31 at 2. The Court has little doubt that each witness has had meaningful experiences with Mr. Norman before and after the February 2017 collision, and that each has a unique perspective on the alleged changes in Mr. Norman's personality and cognitive abilities. However, much of the proposed testimony is potentially cumulative. *See, e.g.*, *id.* (Julie Norman "will testify about her observations of Brad's personality and demeanor before the collision and how all of that changed after this crash, and how he often forgets the little things that he used to do for her before the crash[.]"); *id.* at 3 ("Mr. Weikel has . . . witnessed specific instances both before and after the crash that he will juxtapose to demonstrate subtle differences in Mr. Norman."); *id.* ("Mr. Owen[s] will testify regarding specific incidences that have occurred after the crash of Mr. Norman's inability to recall simple tasks, obligations, or plans."); *id.* at 4 ("Mr. Melnick will testify to his observations of Mr. Norman's ability to keep track of expansive tasks and obligations prior to the crash and how that has changed since the crash."); *id.* (Callie Norman will testify "to her observations of Mr. Norman's unusual demeanor and how that was different from how her dad was before the crash."); *id.* at 5 (Abby Norman "will testify as to her knowledge

and observations regarding the changes in [her] father since the crash, and . . . how her dad was before the crash."); *id.* (Carl Norman "will testify to the many outdoor activities that he and his dad enjoyed together before the crash and how those activities were different after the crash."); *id.* at 6 (Ross Norman "will testify as to his knowledge and observation of Mr. Norman and the changes he has observed since the [c]rash, his knowledge of Mr. Norman before the crash, and his interactions with Mr. Norman.").

Mr. Norman will not be permitted to parade witness after witness before the Court to testify to the same generalized observations. The Court remains mindful, though, "that the exclusion of evidence under Rule 403 is an extraordinary remedy to be used sparingly," and "the mere presence of overlap does not render testimony unnecessarily cumulative." *Barabin v. Scapa Dryer Felts, Inc.*, No. C07-1454-JLR, 2018 WL 1570781, at *2 (W.D. Wash. Mar. 30, 2018) (cleaned up). Because Mr. Norman represents that his family will offer different perspectives on his cognitive decline and personality changes since the collision, it is inappropriate—at least at this juncture—to wholesale preclude certain witnesses as cumulative. *See Johnson v. Albertsons, LLC*, No. 2:18-CV-01678-RAJ, 2020 WL 816015, at *5 (W.D. Wash. Feb. 19, 2020) (denying without prejudice a motion to exclude cumulative testimony because the plaintiff "represents that her family's testimony will not be cumulative, and that each witness will offer a 'different perspective' on [her] emotional damages"). This motion is denied without prejudice. Travelers may renew its motion during trial if the proffered testimony "goes beyond mere overlap and . . . crosses into the unnecessarily cumulative." *Barabin*, 2018 WL 1570781, at *3; *accord Johnson*, 2020 WL 816015, at *5 (inviting defendant to object at trial if witness testimony became cumulative); *W. Towboat Co. v. Vigor Marine, LLC*, No. 20-0416-RSM, 2021 WL 2641521, at *7 (W.D. Wash. June 25, 2021) (same).

### III.   CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART the parties' motions in limine in accordance with the foregoing analysis. Dkt. Nos. 25, 27, 28.

The Court also STRIKES the parties' Pretrial Order, Dkt. No. 32. The parties must submit a compliant pretrial order no later than October 27, 2022. At trial, the Court will exclude any exhibits not included in the pretrial order. Any included exhibit that has incomplete authenticity, admissibility, or objections fields will be deemed presumptively admissible.

Dated this 25th day of October, 2022.

Lauren King
United States District Judge